IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. G-15-MJ-18 (1) |
| § | |
| CHARLES DEVAN FULTON, SR. § | |

## ORDER OF DETENTION

On May 12, 2015, this Court conducted a combined Preliminary and Detention Hearing in the above-styled and numbered cause; the Government moved for the detention of the Defendant, **Charles Devan Fultan, Sr.**. The Government offered the testimony of F.B.I Agent Richard Rennison; **Fulton** proffered the testimony of a friend willing to serve as a third-party custodian. The Court also made the Pretrial Services report, which recommended detention, a part of the record. Having now considered all of the evidence the Court issues the following findings of facts and conclusions of law.

The Court **FINDS** that there is probable cause to believe that **Fulton** was substantially involved in a conspiracy to commit sex trafficking of juvenile girls through prostitution in violation of 18 U.S.C. §§1591 and 1594(c).

The Court further **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. §3142(f), that the following facts are established by clear and convincing evidence and require the detention of the **Charles Devan Fulton, Sr.** pending trial in this case:

1. That by virtue of the probable cause finding a rebuttable presumption was created in favor of **Fulton's** detention, 18 U.S.C. § 3142(e)(3)(E);

2. that the strength of the Government's case against Fulton is substantial given the minor victims' statements that Fulton was the ring leader of the prostitution conspiracy; that Fulton was a well-known drug dealer and gang member in Galveston; that Fulton's co-conspirators, at his direction, posted advertisements for the minor female prostitutes, rented hotel rooms and drove the minors to and from those hotels for their sexual encounters; and that Fulton, after learning of the existence of an arrest warrant evaded arrest for more than one week's time;

3. that prior to his arrest on this charge Fulton, only a 38 year old man, had amassed an extensive criminal past including 8 felony convictions (5 involving drugs) and 8 misdemeanor convictions (2 involving drugs); had been sentenced to prison on 3 occasions; has 4 state court drug offenses presently pending against him for which he had been released on bond; and had 17 criminal cases dismissed because he had been sentenced to prison;

4. that Fulton's proffer did not rebut the presumption created by 18 U.S.C. §3142(e)(3)(E);

5. that by virtue of the foregoing findings Fulton would constitute a danger to the community if released; and

6. that the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon Fulton by this Court to reasonably assure his appearance as required and the safety of any other person and the community if he were released.

It is, therefore, **ORDERED** that **Charles Devan Fulton, Sr.** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Charles Devan Fulton, Sr. SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Charles Devan Fulton, Sr.** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas this _____14th_____ day of May, 2015.

_____
John R. Froeschner
United States Magistrate Judge